UNITED STATES of America, Plaintiff–Appellee,

v.

**Reggie LEROY, Defendant–Appellant.**

No. 01–5159.

United States Court of Appeals, Tenth Circuit.

July 23, 2002.

Before KELLY, McKAY, and MURPHY, Circuit Judges.

**ORDER AND JUDGMENT** *

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is a pro se federal prisoner 28 U.S.C. § 2255 appeal. Appellant is currently serving a 320 month sentence for conspiring to knowingly and intentionally distribute a controlled substance in violation of 21 U.S.C. §§ 846 and 841. He contends that his sentence is unconstitutional on two grounds.

Appellant first contends that he was convicted under a now unconstitutional standard. His sentence was imposed after a judge, not a jury, determined the quantity of drugs involved in the conspiracy pur-

orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

suant to a preponderance of the evidence standard. Appellant cites to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which established that any fact, excluding the fact of a prior conviction, that increases the punishment for a crime beyond the statutory maximum must be pleaded in the indictment, tried to the jury, and proven beyond a reasonable doubt. However, Appellant's claim is foreclosed by our recent decision in *United States v. Mora,* 293 F.3d 1213 at 1215 (10th Cir.2002). In *Mora* we determined that *Apprendi* is "not a watershed decision and hence is not retroactively applicable to initial habeas petitions." *Id.* at 1219.

Appellant also contends that his constitutional due process rights were violated because the court did not have personal or subject matter jurisdiction over the prosecution. Appellant was prosecuted in the United States District Court for the Northern District of Oklahoma, and he was sentenced for violating laws of the United States, 21 U.S.C. §§ 846 and 841. District courts are clearly given jurisdiction over the laws of the United States. As 18 U.S.C. § 3231 states, "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

Appellant seeks a certificate of appealability. In order for this court to grant a certificate of appealability, Appellant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Appellant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct.

1595, 146 L.Ed.2d 542 (2000) (quotations omitted).

We have carefully reviewed Appellant's brief, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Appellant's brief raises an issue which meets our standards for the grant of a certificate of appealability. We cannot say that reasonable jurists could debate whether "the petition should have been resolved in a different manner." *Id.*

Therefore, Appellant's request for a certificate of appealability is DENIED, and the appeal is DISMISSED. Appellant's request to proceed in forma pauperis on appeal is GRANTED; he must continue making partial payments on court fees and costs previously assessed until such have been paid in full.